E-FILED
Wednesday, 21 January, 2015 11:42:54 AM
Clerk, U.S. District Court, ILCD

FILED
JAN 21 2015
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS - SPRINGFIELD

| | |
|---|---|
| CHASE CARMEN HUNTER,<br>PETITIONER,<br>vs.<br>ANDREW BORON, ETC. ET AL.<br>RESPONDENTS. | Case No.14-3324<br><br>**PETITIONER'S MOTION TO CEASE THE ENTRY OF "TEXT ORDERS" IN LIEU OF ORDERS ENTERED IN TRADITIONAL FORMAT USING A SEPARATE DOCUMENT** |

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE ONLY (AND NOT THE MAGISTRATE JUDGE):

The above-named Petitioner, herein referred to as "Hunter", would respectfully show the Court as follows:

On October 28, 2014, two text orders were entered by two different judges. The appeals of these text orders caused confusion since the text orders were not readily distinguishable because text orders are not assigned document numbers. At least one text order was subsequently entered in December 2014.

Hunter is indigent. The adverse parties are not.

Hunter is a non-lawyer. The adverse parties are represented by lawyers.

This court has denied Hunter access to electronic filing only because Hunter seems capable of paper filing. This is an illogical and unfair statement because the adverse parties are also capable of paper filing but are required to file electronically which saves them time and money.

This court has denied Hunter pauper status for reasons not based in fact or law and denied Hunter's request for the appointment of counsel.

This lawsuit involves crimes committed against Hunter and the public and violations of Hunter's constitutional right and human rights.

Obviously, this court is taking all steps to deny Hunter access to this court, to deny her the same easy access to this court as the adverse parties, and to support the crimes committed against Hunter and the public.

When a court of law functions to protect crimes and to make it as difficult as possible for an indigent party to access the court; it is not a

court of law but a criminal perpetrator and a predator. All court orders arising from such a circumstance are void as a matter of law.

Notwithstanding, Hunter asks that this Court cease its entry of "text orders" because they create confusion as described herein and fail to comply with various legal requirements.

The Seventh Circuit Court of Appeals stated in case 14-3548 that the "text order" entered on October 28, 2014, is not a "text order" but is a "recommendation". This is a grossly false statement for many reasons, including but not limited to, the fact that the "text order" stated that it was a "text order" and not a "recommendation". In addition, if the "text order" was a "recommendation" it was required to include the disclosure regarding the process for disputing the "recommendation". But it did not include said disclosure. But obviously, the Seventh Circuit Court of Appeals is also part of the conspiracy to violate Hunter's constitutional rights and to protect the crimes committed against her and has manipulated the facts to deny Hunter's appeal in case 14-3548.

So, obviously, this lawsuit is just a game for the judges to bully the indigent, pro se victim and block her from all access to justice. And that is despicable and disgusting.

WHEREFORE, Hunter asks that this Court cease the use of text orders. Hunter has never seen a United States District Court use text orders in the past, the "text orders" have not included all required disclosures, and the Seventh Circuit Court of Appeals has, without a factual basis, construed a "text order" to be a "recommendation"; and this has greatly prejudiced Hunter and wasted much time and energy.

Respectfully Submitted, CCH

Chase Carmen Hunter, Petitioner, pro se, PO Box 42252, Fredericksburg, VA 22404, Tel: 707-706-3647, Fax: 703-997-5999, Email: Chase_Hunter@yahoo.com

**AFFIDAVIT OF SERVICE**

I certify that on this 9th day of January 2015, a true and correct copy of this motion was served upon each party listed below by email and facsimile mail as shown.

awheaton@atg.state.il.us
Andrew Wheaton for Andrew Boron etc. et al.
500 South Second St.
Springfield, IL 62706

Patrick.Sweeten@texasattorneygeneral.gov
Patrick Sweeten For Eleanor Kitzman etc. et al.
PO Box 12548
Capitol Station
Austin, TX 78711

NAIC Central Office
NIPR
1100 Walnut Street
Suite 1500
Kansas City, MO 64106
Facsimile: 816-783-8175

*Chase Carmen Hunter* 1/9/15
*Date*