E-FILED
Friday, 30 January, 2015 12:20:53 PM
Clerk, U.S. District Court, ILCD

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

January 8, 2015

*Before*

**Joel M. Flaum,** *Circuit Judge*
**Michael S. Kanne,** *Circuit Judge*
**John Daniel Tinder,** *Circuit Judge*

| | |
|---|---|
| CHASE HUNTER, Plaintiff-Appellant, | ] Appeal from the United States District Court for the Central District of Illinois. |
| No. 14-3548 v. | ] |
| AARON BORON, et al., Defendants-Appellees. | ] No. 3:14-cv-03324-SEM-TSH |
| | ] Sue E. Myerscough, Judge. |

O R D E R

On consideration of the papers filed in this appeal and review of the short record,

**IT IS ORDERED** that this appeal is **DISMISSED** for lack of jurisdiction.

Appellant Chase Hunter's notice of appeal states that she "appeals . . . from the Order entered in this action on the 28th day of October 2014." The district court docket, however, reveals that two orders were entered on that date, one by the district judge and the other by a magistrate judge.

- over -

In a recent filing in this appeal, plaintiff-appellant Hunter specifies that she appeals the following:

> "TEXT ORDER" by Magistrate Judge Tom Schanzle-Haskins: Before the Court is pro se Plaintiff's Motion to Proceed In Forma Pauperis 3 . . . Motion DENIED . . . Also before the Court is pro se Plaintiff's Motion for Court Appointed Counsel 4 . . . Therefore, Plaintiff's Motion for Court Appointed Counsel 4 is DENIED . . . ." (Emphasis added.)

Litigants may permit magistrate judges to decide civil cases, and an appeal from the magistrate judge's decision comes straight to the court of appeals. 28 U.S.C. § 636(c). But unless all parties to the litigation consent on the record, the magistrate judge may do no more than make a recommendation, and the parties must present their objections to the district court. *Brook & Weinberg v. Coreg, Inc.*, 53 F.3d 851 (7th Cir. 1995). To put it another way, absent consent of all parties, a magistrate judge's ruling may not be appealed directly to the court of appeals. *Egan v. Freedom Bank*, 659 F.3d 639 (7th Cir. 2011); *see also Direct TV, Inc. v. Barczewski*, 604 F.3d 1004, 1011 (7th Cir. 2010).

In the present case, no party consented in writing to proceed before a magistrate judge. Therefore, this court lacks jurisdiction to proceed.