IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHASE CARMEN HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 14-3324 |
| ) | |
| ANDREW BORON, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

On October 24, 2014, Plaintiff Chase Carmen Hunter filed a Complaint pursuant to 42 U.S.C. § 1983, asserting that a number of Defendants had violated her civil rights.

Over the course of ten months, the Plaintiff has filed several motions alleging she is unable to pay the applicable filing fees.

In January of 2015, Plaintiff Hunter was denied leave to proceed In Forma Pauperis. She was ordered to pay the filing fee or face dismissal of her case. *See* Doc. Nos. 32 & 35. The Plaintiff filed a Notice of Appeal. *See* Doc. No. 36. On February 13, 2015, the Court denied her leave to

proceed In Forma Pauperis on appeal.

On April 22, 2015, the United States Court of Appeals for the Seventh Circuit Dismissed the Plaintiff's appeal for failure to pay the filing fee. *See* Doc. No. 49. Judgment was entered on April 24, 2015. *See* Doc. No. 50.

More than three months later, on July 30, 2015, the Plaintiff filed a Motion for Relief from Orders. *See* Doc. No. 51. The Plaintiff continues to seek to litigate the issue of whether she has the funds to pay the filing fee. The Plaintiff's Motion was denied on the same date. On August 24, 2015, the Plaintiff filed another Notice of Appeal. *See* Doc. No. 52.

Pending before the Court is a Motion for Leave to Appeal In Forma Pauperis and a Motion for Recusal of the Undersigned.

The Plaintiff seeks the undersigned's recusal because she has filed articles of impeachment based on her disagreement with the Court's rulings on the Plaintiff's Motions to Proceed In Forma Pauperis and/or related motions.

A federal judge must recuse himself from a proceeding "where he has

a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). "Any bias must be proven by compelling evidence, and the issue is whether a reasonable person would be convinced the judge was biased." *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (internal quotation marks and citation omitted). The bias "must be grounded in some kind of personal animus or malice that the judge harbors against [the party], of a kind that a fair minded person could not entirely set aside when judging certain persons or causes." *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985).

The Plaintiff claims that the undersigned is biased because the Court has "entered grossly erroneous and false orders in the lawsuit before and since January 2015." *See* Doc. No. 53. The Plaintiff states she believes she is not being treated fairly.

"Judicial rulings alone almost never constitute a valid basis" for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

The Court concludes that the Plaintiff has failed to establish any basis for its recusal. She points only to her disagreement with prior rulings of the

3

undersigned, a magistrate judge and another district judge previously assigned to this case. The Plaintiff does not allege bias based on a personal relationship or prior litigation. The Plaintiff's subjective belief that the undersigned is biased does not constitute compelling evidence of bias.

The Court declines to recuse simply because the Plaintiff has sought the undersigned's impeachment due to the entry of Orders with which she disagreed. The Plaintiff cannot be permitted to judge-shop by filing articles of impeachment anytime she disagrees with a Court Order. The undersigned does not take the filings personally. The Court harbors no animus or bias towards the Plaintiff.

The Court declines to permit the Plaintiff to proceed In Forma Pauperis on Appeal. The Court concludes any appeal would be frivolous. The Plaintiff has already appealed the Orders entered in January of 2015. The Appeal was dismissed for failure to pay the filing fee. The Plaintiff has given no basis for relief from the Orders previously entered.

Ergo, the Plaintiff's Motion for Judicial Recusal [d/e 53] is DENIED. The Plaintiff's Motion for Leave to Proceed In Forma Pauperis [d/e 53] is DENIED.

If the Plaintiff continues to file motions in the district court pertaining to her alleged inability to pay the applicable filing fees, the Court will consider imposing appropriate sanctions.

The Plaintiff shall pay the applicable filing fee or file a Motion to Proceed In Forma Pauperis before the United States Court of Appeals for the Seventh Circuit.

ENTER: This 27th day of August, 2015

    FOR THE COURT:

        *s/Richard Mills*
        Richard Mills
        United States District Judge